IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:19CR312-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| TERIE SMITH, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE OPPOSING A SENTENCE REDUCTION**

This matter is before this Court on Terie Smith's motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Because Smith is not eligible for a sentence reduction under Amendment 821, the United States opposes a sentence reduction.

**BACKGROUND**

In December of 2018, Smith committed the armed robbery of a SunTrust bank in Charlotte, North Carolina. WDNC Case No. 3:19CR312, Doc. 58 ¶¶ 8–13. Smith brandished a firearm during the robbery and stole more than $21,000. *Id.*, Doc. 58 ¶ 8.

A federal grand jury indicted Smith and charged him with armed bank robbery, 21 U.S.C. § 2113(d); and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). *Id.*, Doc. 1. Smith entered into a plea

agreement with the United States and pleaded guilty to the bank-robbery offense. *Id.*, Docs. 51, 53. Smith stipulated in his plea agreement that he qualified as a career offender. *Id.*, Doc. 51 ¶ 8(f).

This Court's probation office submitted a presentence report and calculated a total offense level 31, which incorporated its finding that Smith was a career offender based on his prior convictions for robbery with a dangerous weapon, bank robbery, and armed bank robbery. *Id.*, Doc. 58 ¶¶ 28, 31. Smith's criminal history garnered 7 criminal-history points related to his prior convictions. *Id.*, Doc. 58 ¶ 45. The probation office assessed Smith two criminal-history points because he committed his offense while under a criminal-justice sentence. *Id.*, Doc. 58 ¶ 46. Although Smith's 9 criminal-history points would ordinarily place him in criminal-history category IV, his criminal-history category was increased to category VI under the career-offender guideline. *Id.*, Doc. 58 ¶ 47. The probation office concluded that the Sentencing Guidelines advised a sentence of between 188 and 235 months in prison for the bank-robbery offense based on a total offense level of 31 and a criminal-history category of VI. *Id.*, Doc. 58 ¶ 76. This Court sentenced Smith to 188 months in prison, at the low end of the guideline range. *Id.*, Doc. 64 at 2. Smith now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

# ARGUMENT

**This Court should deny Smith's motion because he is not eligible for a sentence reduction under Amendment 821.**

Smith asks this Court to reduce his sentence under Amendment 821 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Because Smith is not eligible for a sentence reduction, this Court should deny Smith's motion.

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. *See* U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; *see* U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *Id.* pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. *Id.*

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G.

3

amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. *Id.*

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended

4

guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. *Id.* § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." *Id.* § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. *Id.* § 1B1.10(b)(2)(C).

Smith is not eligible for a reduction in his sentence. Smith was assessed more than zero criminal-history points, rendering him ineligible for a reduction under Part B, Subpart 1, of Amendment 821. And while the probation office assessed him two criminal-history points because he committed his offense while under a criminal-justice sentence, those two points did not alter Smith's criminal-history category or guideline range because those were determined by his status as a career offender. Smith cannot challenge his classification as a career offender in a motion seeking a sentence reduction under Amendment 821. But even if he could, Smith's prior convictions for robbery with a dangerous weapon and for armed bank robbery support that classification. Because Smith has not shown that he is eligible for a sentence reduction, this Court should deny his motion.

## CONCLUSION

The United States respectfully requests that this Court deny Smith's motion for a reduced sentence.

Respectfully submitted, this 11th day of January, 2024.

>DENA J. KING
>UNITED STATES ATTORNEY
>
>s/Amy E. Ray
>Assistant United States Attorney
>Room 233, U.S. Courthouse
>100 Otis Street
>Asheville, North Carolina  28801
>Telephone:  (828) 271-4661
>Fax:  (828) 271-4670
>E-mail:  Amy.Ray@usdoj.gov

## CERTIFICATE OF SERVICE

I certify, on this 11th day of January, 2024, that a copy of the foregoing ***Response Opposing a Reduction in Sentence*** will be served upon Smith by serving him at his address as reflected in the Bureau of Prisons Inmate Locator.

                                        s/Amy E. Ray
                                        Assistant United States Attorney
                                        USAO Asheville, NC