UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-312-MOC-DCK

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TERIE SMITH, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 66). The Government opposes Defendant's motion. (Doc. No. 72). Because Defendant is ineligible for sentence reduction under Amendment 821, the Court will deny Defendant's motion.

### I. Background

In October of 2019, a federal grand jury indicted Defendant Smith and charged him with armed bank robbery, 21 U.S.C. § 2113(d), and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 1). Smith pled guilty to the bank robbery offense. (Doc. Nos. 53). In his plea agreement, Smith stipulated that he qualified as a career offender. (Doc. No. 51 ¶ 8(f)).

The probation office's presentence report found that the Sentencing Guidelines advised a sentence of 188 to 235 months in prison based on a total offense level of 31 and a criminal history category of VI. (Doc. No. 58). The probation office assessed Smith two criminal history points because he committed his offense while under a criminal justice sentence. (Id. ¶ 46). Although Smith's nine criminal history points would typically place him in criminal history

1

category IV, the career offender guideline increased his criminal history category to VI. (Id. ¶ 47). Smith's total offense level of 31 likewise incorporated the Defendant's career offender status. (Id. ¶¶ 28, 31).

The Court sentenced Smith to 188 months in prison, the low end of the guideline range. (Doc. No. 64 at 2). Smith now moves the Court for sentence reduction based on Amendment 821 to the Sentencing Guidelines.

**II.      Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense

2

resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a

3

Case 3:19-cr-00312-MOC-SCR    Document 73    Filed 01/23/24    Page 3 of 4

defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

The Government argues that Smith is ineligible for a sentence reduction under Amendment 821. The Government is correct. Smith was assessed more than zero criminal history points, and is thus ineligible for reduction under Part B, Subpart 1, of Amendment 821. And while the probation office assessed Smith two criminal history points for committing his offense while under a criminal justice sentence those two points did not alter Smith's criminal history category or guideline range. Instead, Smith's criminal history category and guideline range were dictated by his career offender status.

Because Smith has not shown that he is eligible for a sentence reduction, his motion under Amendment 821 will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821 (Doc. No. 66) is **DENIED**. Additionally, Defendant's pro se motions to appoint counsel (Doc. Nos. 67, 68) are **TERMINATED AS MOOT**.

*[Signature]*

Max O. Cogburn Jr
United States District Judge